UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| GERALD MASON<br>59 Top O'Hill Road<br>Wappingers Falls, New York 12590<br><br>Plaintiff,<br><br>v.<br><br>VASSAR COLLEGE<br>124 Raymond Avenue<br>Poughkeepsie, New York 12604<br><br>Defendant. | CIVIL ACTION<br>**07 CV 10468**<br><br>**JURY TRIAL DEMANDED** |

## CIVIL COMPLAINT

Plaintiff, Gerald Mason (hereinafter referred to as "Plaintiff" unless indicated otherwise) hereby complains as follows against Vassar College, (hereinafter referred to as "Defendant" unless otherwise indicated), and avers as follows:

### INTRODUCTION

1. Plaintiff initiates the instant action to redress Defendant's unlawful employment practices and racial discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the New York State Human Rights Law.

### JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims, because this civil action arises under a law of the United States. This Court has jurisdiction over Plaintiff's state law claim(s) because it is supplemental to Plaintiff's underlying federal claims and arise out of the same transaction or

occurrence(s), having the same common nucleus of operative facts pursuant to 28 U.S.C. 1367(a).

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the Southern District of New York.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an African-American male who resides at the address as set forth in the caption.

7. Upon information and belief, Defendant's principal place of business in the State of New York and/or intentionally engages in substantial business within the State of New York, at the above-captioned address.

8. At all relevant times, upon information and belief, Defendant is engaged in the business of operating a college for the purpose of providing its students a place for higher learning.

9. At all times relevant herein, Defendant's employees, managers, agents, and servants acted at the behest of Defendant and/or for the benefit of Defendant during the course and scope of their employment.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff worked for Defendant for roughly five (5) years at its Poughkeepsie location as the Director of Administrative services.

12. Plaintiff preformed his job well while in the employ of Defendant.

13. In or about July 31, 2006, Plaintiff was terminated by Defendant.

14. Defendant's proffered reason for Plaintiff's termination was that Plaintiff's management style was incompatible with the management style of the Vice President, one, Elizabeth Eismeirer.

15. Plaintiff's performance did not play any role in his termination from Defendant.

16. Plaintiff felt racial tension towards him and other minorities during his employment with Defendant, which other co-workers shared the same feelings as him regarding the treatment towards him.

17. Plaintiff was treated disparately due to his race because policies and practices were selectively enforced against him during his employment with Defendant.

18. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff, instead, Defendant used Plaintiff's race and status as a minority as the motivating reason for his termination.

## Count I
## Violation of 42 U.S.C. § 1981
### (Disparate Treatment)

19. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

20. Defendant selected enforced policies against Plaintiff.

21. Upon information and belief, Defendant singled Plaintiff for termination because of his race, and unlawfully terminated him.

22. The foregoing actions by Defendant constitute a violation of 42 U.S.C. § 1981.

## Count II
## Violation of New York State Human Rights Law
## Executive Law 2-290, et seq. 1964
### (Disparate Treatment)

23. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

24. Defendant's actions as aforesaid violated the New York State Human Rights Law. *See* Executive Law 290 et seq.

**WHEREFORE**, Plaintiff prays that this Court enter a judgment in his favor and against Defendant containing the following relief:

(A) A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate federal law and the State of New York;

(B) Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of racial discrimination and retaliation against employees, discriminating against employees or prospective employees based on their race and is to

be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

(C) Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits he would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority from the date he first suffered discrimination/retaliation at the hands of Defendant until the date of verdict;

(D) Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering and humiliation caused to him by Defendant's actions;

(E) Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

(F) Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate;

(G) Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

(H) Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

(I) Plaintiff's claims are to receive a trial by jury to the extent allowed by

applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

    (J)    Such other and further relief as this Court may deem just and proper.

> Respectfully submitted,
>
> **KARPF, KARPF & VIRANT**
>
> */s/ Adam C. Virant*
>
> Adam C. Virant
> 140 Broadway, 46th Floor
> New York, NY 10005
> (212) 929-6030

Dated: November 14, 2007